(29 Misc. Rep. 329.)

WEBEL v. CLARK (two cases).

(Supreme Court, Appellate Term. October 25, 1899.)

1. GUARANTY—WAIVING NOTICE.
    Defendant made an agreement that, in case of the default of a tenant, he would pay all rent and damage, without requiring notice of such default from the landlord. *Held*, that the fact that the landlord, upon default of the tenant, took possession and assumed control of the premises without notifying defendant, does not discharge him.

2. APPEAL—FINDINGS OF FACT.
    Where defenses set up on appeal rest upon questions of fact, the finding of the court below will not be disturbed.

Appeal from municipal court, borough of Manhattan, Tenth district.

Actions by Bernard W. Webel against William H. Clark. From judgments for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

C. L. Harwood, for appellant.
William H. Klinker, for respondent.

MacLEAN, J. One Maggi leased the premises 35 West Forty-Third street from the defendant for five years from and after October 1, 1898, at $1,200 per annum, to be paid in equal monthly payments in advance, on the 1st of each and every month. In consideration of the letting and of $1, the defendant, under seal, covenanted and agreed that if, at any time, Maggi made default in the payment of the rent and the performance of the covenants in the lease, he would pay the rent and all damage, "without requiring any notice of any such default from the party of the first part," the plaintiff. Maggi remained until on or about the 20th day of February, when he wrote the plaintiff that he was sorry he had to close the store, asked him to do his best to let it soon, and sent the keys by one Kellette, whom he had left in the place as watchman. Maggi paid no rent for the first three months of 1899. Action No. 2 is brought to recover the rent due on the 1st days of January and February; action No. 1, for the rental due on the 1st day of March, 1899. As his chief defense to both actions, the defendant pleaded that he had received no notice of the alleged default of Maggi; that accordingly no opportunity had been given him to protect his rights in the prem-

ises; and the plaintiff had retaken possession of the premises without any notice to the defendant, and assumed control thereof, discharging him (the defendant) from all liability under the alleged covenants.

It may be fact in some states, as appears by a citation for the defendant from City of Lafayette v. James, 92 Ind. 240, "that sureties are favorites of the law"; but in this state "the weight of authority is altogether in favor of construing guaranties by rules at least as favorable to the creditor as those which courts apply to other written contracts, irrespective of the consideration that the guarantor is a surety." Denio, J., in Gates v. McKee, 13 N. Y. 232. Moreover, the defendant, though called a "guarantor," had made an agreement for himself, and expressly waived the requirement of notice.

The defendant also set up other defenses,—e. g. in action No. 1, that the plaintiff had accepted a surrender of the premises; and in action No. 2, that they had been rendered untenantable by fire for a portion of the term, without any fault of the tenant, Maggi. The value of these defenses rested upon questions of fact, wherein the evidence relating to which, as the justice found, was decidedly in favor of the plaintiff. The judgments should be affirmed.

Judgments affirmed, with costs. All concur. ·